J-S15012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ALLEN ELLIS | : | |
| | : | |
| Appellant | : | No. 2403 EDA 2023 |

Appeal from the PCRA Order Entered August 8, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001118-2020

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED JULY 17, 2024**

Appellant, James Allen Ellis, appeals from the August 8, 2023 order

entered in the Court of Common Pleas of Delaware County that denied his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546.[1] Counsel for Appellant, Shelly Chauncey, Esquire ("Attorney

Chauncey") filed a **Turner/Finley**[2] no-merit letter and a petition to withdraw

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In his *pro se* notice of appeal, Appellant purports to appeal from the August 3, 2023 order denying his PCRA petition. A review of the record reveals that, while the order denying his petition was dated August 3, 2023, the order was not entered on the trial court docket until August 8, 2023. As such, Appellant's appeal properly lies from the August 8, 2023 order denying his petition. **See** Pa.R.A.P. 301(a)(1) (stating, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court").

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

as counsel.  We grant counsel's petition to withdraw and affirm the August 8, 2023 order.

The record demonstrates that, on May 7, 2021, Appellant pleaded guilty, pursuant to a negotiated plea agreement, to one count of persons not to possess, use, manufacture, control, sell, or transfer firearms.[3]  That same day, Appellant was sentenced to 4 to 8 years' incarceration and ordered to forfeit money and personal property seized at the time of his arrest.[4]  Appellant did not file a post-sentence motion or appeal his judgment of sentence.  As such, his judgment of sentence became final on Monday, June 7, 2021.  **See** Pa.R.A.P. 903(a) (stating that, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also** 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such

_____

[3] 18 Pa.C.S.A. § 6105(a)(1).  On April 2, 2020, Appellant was charged with the aforementioned criminal offense (18 Pa.C.S.A. § 6105(a)(1)), as well as possession of a small amount of marihuana only for personal use, 35 P.S. § 780-113(a)(31), the use of, or possession with intent to use, drug paraphernalia, 35 P.S. § 780-113(a)(32), firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), resisting arrest or other law enforcement, 18 Pa.C.S.A. § 5104, and disorderly conduct, 18 Pa.C.S.A. § 5503(a)(1). These additional criminal charges were dismissed after Appellant entered a guilty plea to one count of violating Section 6105(a)(1).

[4] As part of the judgment of sentence, the trial court credited Appellant with time served for the period of February 2, 2020, to May 7, 2021.  Appellant was also ordered to forfeit $132.00 in cash, as well as a cellular telephone and a firearm.

day shall be omitted from the computation"); 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

On May 5, 2022, Appellant filed *pro se* a PCRA petition, his first.[5] In his *pro se* petition, Appellant asserted that trial counsel abandoned him and provided ineffective assistance during pre-trial litigation, plea negotiations, and sentencing. *Pro Se* PCRA Petition, 5/5/22, at ¶¶8, 11(B), and § II(A). Appellant further asserted that his conviction and sentence were the result of a violation of his Fourth Amendment right against unlawful searches and seizures and that his sentence was illegal. *Id.* at ¶¶11(A) and (C), 12, 13, 15, and § II(B).

_____

[5] Appellant's petition, which was dated May 5, 2022, was timestamped as having been received by the PCRA court on June 30, 2022. Pursuant to the "prisoner mailbox rule," the PCRA court deemed Appellant's petition as having been filed on May 5, 2022, the date on which Appellant deposited the petition with prison authorities. *See* PCRA Court Order, 8/8/23, at 1 (unpaginated); *see also Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox).

A review of the record reveals that a Pennsylvania Department of Correction's cash slip demonstrated that Appellant deposited his petition with prison authorities on May 5, 2022. Therefore, the record fully supports the PCRA court's determination that Appellant filed his petition on May 5, 2022.

On July 22, 2022, Stephen D. Molineux, Esquire ("Attorney Molineux") was appointed to represent Appellant. After receiving several continuances in which to file an amended PCRA petition, Attorney Molineux, on May 9, 2023, filed a **Turner/Finley** no-merit letter and a motion to withdraw his appearance with the PCRA court.[6] On June 21, 2023, the PCRA court granted Attorney Molineux's motion to withdraw.

On June 23, 2023, the PCRA court provided Appellant with notice of its intent to dismiss his petition pursuant to Pennsylvania Rule of Criminal Procedure 907. In its Rule 907 notice, the PCRA court advised Appellant, *inter alia*, that, upon its independent review of Appellant's petition, the PCRA court found his claims of trial counsel's ineffectiveness to be without merit and that his sentence was legal because it did not exceed the maximum sentence allowed by law. Rule 907 Notice, 6/23/23, at 5-7.

_____

[6] In his **Turner/Finley** no-merit letter, a copy of which was sent to Appellant, Attorney Molineux stated,

> By copy of this letter, I am advising [Appellant] that, if the [PCRA] court accepts the undersigned's submission of this "no[-]merit" letter and grants the attached application to withdraw, if he wishes to address [the PCRA] court concerning the issues raised within this [application to withdraw], any issues discussed within this letter, or any other issues, he must do so now either on his own or through a privately retained attorney. This notice is being forwarded to [Appellant], pursuant to [] **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006).

**Turner/Finley** No-Merit Letter, 5/9/23, at 7 (unpaginated) (extraneous capitalization omitted).

- 4 -

On July 10, 2023, Appellant filed *pro se* a response to the PCRA court's Rule 907 notice to dismiss.[7] In his response, Appellant reiterated his trial counsel ineffectiveness claim and raised, for the first time, a claim that Attorney Molineux was ineffective for failing to correspond with Appellant.[8] *Pro Se* Response, 7/10/23, at 1-3 (unpaginated). Appellant further requested the appointment of new PCRA counsel. *Id.* at 3. On August 8, 2023, the PCRA court denied Appellant's petition. *See* PCRA Court Order, 8/8/23, at 1 (unpaginated) (finding Appellant's petition was timely filed on May 5, 2022).

_____

[7] Although Appellant's *pro se* response was timestamped as having been received by the PCRA court on July 17, 2023, the Pennsylvania Department of Correction's cash slip attached to the response demonstrates that Appellant deposited his response with prison authorities on July 10, 2023. Therefore, we deem Appellant's *pro se* response to have been filed on July 10, 2023, pursuant to the "prisoner mailbox rule." *See Jones*, 700 A.2d at 426. As such, Appellant's response was filed within 20 days of the PCRA court's Rule 907 notice. *See* Rule 907 Notice, 6/23/23, at 7 (requiring Appellant to file a response to the notice to dismiss within 20 days).

[8] Appellant's claim that Attorney Molineux was ineffective was based upon the PCRA court's initial conclusion, as set forth in its Rule 907 notice, that Appellant's petition (then-determined by the PCRA court to have been filed on June 30, 2022) was untimely. *Pro Se* Response, 7/10/23, at 2-3 (stating, "[Attorney Molineux] never corresponded with [Appellant] as an effective counsel would/should have[. I]f so, then [Attorney Molineux] would have known of the aforementioned mailing receipt from prison personal."); *see also* Rule 907 Notice, 6/23/23, at ¶10(a) (stating, "[Appellant's] PCRA petition is untimely. . . . For the petition to be timely, [Appellant] had to file the petition by June 6, 2022."). As discussed *supra*, the PCRA court subsequently determined, and the record supports, that Appellant's petition was timely filed on May 5, 2022. Therefore, Appellant's claim that Attorney Molineux was ineffective for failing to communicate with Appellant regarding the timeliness of his petition is moot.

On September 3, 2023, Appellant filed *pro se* a notice of appeal.[9] On October 26, 2023, Attorney Chauncey was appointed to represent Appellant on appeal. That same day, the PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Counsel for Appellant did not file a Rule 1925(b) statement. On December 20, 2023, the PCRA court filed its Rule 1925(a) opinion. **See** PCRA Court Opinion, 12/20/23, at 3 (stating, Appellant's appeal should be quashed because Appellant failed to file a Rule 1925(b) statement and, therefore, all issues are waived).

On February 12, 2024, Attorney Chauncey filed with this Court a **Turner/Finley** no-merit letter and a petition to withdraw her appearance.[10] The **Turner/Finley** no-merit letter raises a claim that trial counsel provided

---

[9] Appellant's *pro se* notice of appeal was timestamped as having been received by the PCRA court on September 7, 2023. A review of the record, however, reveals that the notice of appeal was dated September 3, 2023, and, in the proof of service, Appellant attests that he deposited the notice of appeal with prison authorities on September 3, 2023. Therefore, pursuant to the "prisoner mailbox rule," we deem Appellant's notice of appeal has having been filed on September 3, 2023. **See Jones**, 700 A.2d at 426.

[10] A **Turner/Finley** no-merit letter is the proper instrument to be filed **with the trial court** when counsel seeks to withdraw from PCRA representation. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super 2007). On appeal, PCRA counsel is required to file a **Turner/Finely** no-merit **brief** with this Court. **Id.** While we do not condone counsel's act of filing a **Turner/Finley** no-merit letter instead of the required brief with this Court, counsel's **Turner/Finley** no-merit letter provides this Court with a sufficient basis upon which to proceed with our review. Therefore, in this instance, we accept Attorney Chauncey's **Turner/Finley** no-merit letter *in lieu* of a **Turner/Finley** no-merit brief.

ineffective assistance during pre-trial litigation, plea negotiations, and sentencing, and that original-PCRA counsel also provided ineffective assistance.[11] **Turner/Finley** No-Merit Letter, 2/12/24, at 2.[12] To date, Appellant has not responded to Attorney Chauncey's **Turner/Finley** no-merit letter or her petition to withdraw as counsel.

Preliminarily, we address Attorney Chauncey's failure to file a court-ordered Rule 1925(b) statement. Generally, the failure to file a court-ordered Rule 1925(b) statement constitutes waiver of all issues.[13] **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (setting forth a bright-line rule that when an appellant is ordered to file a Rule 1925(b) statement and fails to do so, or fails to raise certain issues in the Rule 1925(b) statement filed, the issues are waived); **see also Commonwealth v.**

_____

[11] The Commonwealth, to date, has not filed a response to Attorney Chauncey's **Turner/Finley** no-merit letter.

[12] For ease of identification, we have numbered Attorney Chauncey's unpaginated **Turner/Finley** no-merit letter.

[13] "[I]f the [PCRA] court docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then [this Court] will not conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement." **Commonwealth v. Andrews**, 213 A.3d 1004, 1010 (Pa. Super. 2019) (citation and original brackets omitted), _appeal denied_, 222 A.3d 376 (Pa. 2019).

Here, a review of the record reveals that a copy of the PCRA court order directing Appellant to file a Rule 1925(b) statement was sent _via_ electronic mail to Attorney Chauncey and _via_ the United States Postal Service to Appellant.

*Castillo*, 888 A.2d 775, 780 (Pa. 2005) (affirming the bright-line rule announced in *Lord*, *supra*); Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in the Rule 1925(b) statement are waived).

Pennsylvania Rule of Appellate Procedure 1925(c)(4) provides, however, that

> if counsel intends to seek to withdraw in a post-conviction relief appeal pursuant to *Turner/Finley*, counsel shall file of record and serve on the [PCRA court] a statement of intent to withdraw *in lieu* of filing a [Rule 1925(b)] statement. If the appellate court believes there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court shall remand for the filing and service of a statement pursuant to [Rule] 1925(b), a supplemental opinion pursuant to [Rule] 1925(a), or both.

Pa.R.A.P. 1925(c)(4) (extraneous capitalization omitted).

It is well-established that "[t]he complete failure to file the [Rule] 1925[(b)] statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009). Similarly, if counsel intends to file a *Turner/Finley* no-merit brief with this Court, counsel's failure to file a statement of intent *in lieu* of a Rule 1925(b) statement is *per se* ineffectiveness. *See Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008) (explaining that, counsel must comply with the Rule 1925(b) court order by either filing a Rule 1925(b) statement or filing a statement of intent to file a *Turner/Finley* brief).

As this Court recently explained in **Commonwealth v. Stroud**, 298 A.3d 1152 (Pa. Super. 2023), to avoid unnecessary delay, when a PCRA court orders an appellant to file a Rule 1925(b) statement and the appellant fails to file a Rule 1925(b) statement or a statement of intent to file a **Turner/Finley** brief before the PCRA court files its Rule 1925(a) opinion, the PCRA court, in its Rule 1925(a) opinion should (1) note PCRA counsel's *per se* ineffectiveness, (2) permit PCRA counsel to file a Rule 1925(b) statement or a statement of intent *nunc pro tunc*, and (3) address the issues raised by Appellant upon the filing of a Rule 1925(b) statement or statement of intent *nunc pro tunc* in a subsequent Rule 1925(a) opinion. **Stroud**, 298 A.3d at 1157, *relying on* **Commonwealth v. Thompson**, 39 A.3d 335, 341 n.11 (Pa. Super. 2012). If PCRA counsel fails to comply by filing a Rule 1925(b) statement or a statement of intent to file a **Turner/Finley** no-merit brief *nunc pro tunc*, then the PCRA court may appoint new counsel because the failure to comply with the court order would constitute waiver of all issues and prohibit appellate review. **Stroud**, 298 A.3d at 1157.

Here, the PCRA court filed a Rule 1925(a) opinion outlining the factual and procedural history of the case and noting that, to date, PCRA counsel has not filed a Rule 1925(b) statement. PCRA Court Opinion, 12/20/23, at 2. Thereupon, the PCRA court urged this Court to quash Appellant's appeal for failure to file a Rule 1925(b) statement. **Id.** at 3. In so doing, however, the PCRA court failed to first permit Appellant to file a Rule 1925(b) statement or

statement of intent to file a ***Turner/Finley*** no-merit brief *nunc pro tunc* in accordance with the procedure set forth in ***Stroud***, ***supra***.

Rule 1925(c)(3) permits an appellate court, in the instance where counsel failed to file a court-ordered Rule 1925(b) statement, to remand the case for, *inter alia*, the filing of a Rule 1925(b) statement or a statement of intent to file a ***Turner/Finley*** no-merit brief.[14]  Pa.R.A.P. 1925(c)(3). Nonetheless, we may decline to remand the case for the filing a Rule 1925(b) statement or a statement of intent to file a ***Turney/Finley*** no-merit brief in the interest of judicial economy where an adequate record exists for our review.  ***See Burton***, 973 A.2d at 433; ***see also Stroud***, 297 A.3d at 1158 (finding that, a remand of the case was necessary not because of the failure to file a Rule 1925(b) statement or statement of intent but, rather, because the lack of a complete record prohibited the ***Stroud*** Court from conducting an independent review).

Here, the record before us is comprised of, *inter alia*, a complete trial court record, including the plea transcript, Appellant's *pro se* PCRA petition,

_____

[14] We are cognizant that Rule 1925(c)(3) references the situation where counsel represents the appellant in a criminal case.  ***See*** Pa.R.A.P. 1925(c)(3). This Court has held, however, that although a PCRA proceeding is civil in nature, "a PCRA appeal is a 'criminal case' for purpose of 1925(c)" because the appeal involves "a collateral attack upon a judgment of sentence imposed in a criminal case" and a PCRA proceeding is governed by the Pennsylvania Rules of Criminal Procedure not the Pennsylvania Rules of Civil Procedure. ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018), *appeal denied*, 201 A.3d 154 (Pa. 2019).  Therefore, we deem our options to remand under Rule 1925(c) to be equally available in appeals involving PCRA matters.

Attorney Molineux's **Turney/Finley** no-merit letter, the PCRA court's Rule 907 notice, Appellant's *pro se* response to the Rule 907 notice, the August 8, 2023 order dismissing Appellant's petition, and Attorney Chauncey's **Turner/Finley** no-merit letter. In addition, the PCRA court's Rule 907 notice addressed the issues raised by Appellant in his PCRA petition. **See** PCRA Court Rule 907 Notice, 6/23/23, at ¶10. Therefore, we find that, under the circumstances of the case *sub judice*, we possess a complete record sufficient to permit this Court to conduct its independent review of Appellant's issues without a remand for purpose of filing a statement of intent to file a **Turner/Finley** no-merit brief.[15] **See Burton**, 973 A.2d at 433; **see also Stroud**, 297 A.3d at 1158.

Next, we address counsel's **Turner/Finley** no-merit letter and accompanying petition to withdraw. When PCRA counsel is of the opinion that a petitioner's appeal is without merit and counsel seeks to withdraw,

> **Turner/Finley** counsel must review the case zealously [and] then submit a no-merit [] brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the no-merit []brief; (2) a copy of counsel's petition

---

[15] We are cognizant that, if - after our independent review of the issues raised in Appellant's *pro se* PCRA petition - we find there are other "arguably meritorious issues for review," Rule 1925(c)(4) directs us to remand for the filing of, *inter alia*, a supplemental Rule 1925(a) opinion addressing those issues. Pa.R.A.P. 1925(c)(4).

to withdraw; and (3) a statement advising petitioner of the [immediate] right to proceed *pro se* or by new counsel.

*Wrecks*, 931 A.2d at 721 (quotation marks, citations, and original paragraph formatting omitted). If counsel satisfies the technical requirements of *Turner/Finley*, then this Court must conduct its own independent review of the merits of the case. *Id.* If this Court agrees with counsel that the claims are without merit, then counsel will be permitted to withdraw. *Id.*

Here, the *Turner/Finley* no-merit letter confirms that Attorney Chauncey conducted a review of Appellant's case, including Appellant's claims raising the alleged ineffective assistance of trial counsel and original PCRA counsel. *See generally, Turner/Finley* No-Merit Letter, 2/12/24. In particular, Attorney Chauncey adopts the rationale set forth by Attorney Molineux in his *Turner/Finley* no-merit letter that explained why Appellant's claims of trial counsel's ineffectiveness lacked merit. *Id.* at 3 (stating, "[a]fter reviewing the record and [Attorney Molineux's] *Turner/Finley* [no-merit] letter, counsel [(Attorney Chauncey)] has nothing more to add regarding the efforts and effectiveness of trial counsel"). Attorney Chauncey further concluded that Appellant's claim that original PCRA counsel was ineffective for "never correspond[ing] with him" was without merit because "Appellant [failed] to provide evidence of what information [original] PCRA counsel could have gained from speaking with Appellant that [original PCRA counsel could not acquire] by looking directly at the record." *Id.* at 4. Ultimately, Attorney

Chauncey determined that Appellant's ineffectiveness claims were without merit.

Attached as an exhibit to Attorney Chauncey's **Turner/Finley** no-merit letter is a letter directed to Appellant. In the attached letter, Attorney Chauncey states she enclosed a copy of the **Turner/Finley** no-merit letter and her petition to withdraw and advises Appellant of his right to proceed *pro se* or by new counsel.[16] **See Turner/Finley** No-Merit Letter, 2/12/24, at Attachment. Upon review, we conclude that Attorney Chauncey substantially complied with the dictates of **Turner/Finley**. As such, we now review whether the PCRA court correctly dismissed Appellant's petition.

_____

[16] Counsel advised Appellant that "[i]n this situation [(referring to the situation in which PCRA counsel has filed a **Turner/Finley** no-merit brief and petition to withdraw)], you have the right to retain new counsel, or proceed *pro se* (represent yourself)[,] or raise any additional points that you deem worthy to [this C]ourt's attention." **See Turner/Finley** No-Merit Letter, 2/12/24, at Attachment.

Although counsel's statement does not use the word "immediate" when referring to Appellant's right to retain new counsel or proceed *pro se*, the statement is sufficient to signal that Appellant may, at this juncture, proceed *pro se* or retain new counsel before a decision is rendered by this Court. Therefore, we deem counsel's letter sufficient to satisfy the requirements of **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016). **See Muzzy**, 141 A.3d at 512 (stating, "in an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that **upon the filing of counsel's petition to withdraw**, the petitioner-appellant has the **immediate** right to proceed in the appeal *pro se* or through privately-retained counsel" (some emphasis in original; some emphasis added)).

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

In the case *sub judice*, as discussed *supra*, Appellant alleges in his *pro se* PCRA petition that (1) the trial court violated his constitutional rights against unlawful searches and seizures when it denied his suppression motion; (2) his guilty plea was induced by ineffective assistance of trial counsel; and (3) his judgment of sentence was illegal.[17] *Pro Se* PCRA Petition, 5/5/22, at ¶¶8, 11(A) and (B), 12, 13, 15, and § II(A) and (B).

---

[17] As discussed *supra*, Appellant's claim that original PCRA counsel was ineffective for failing to communicate with him concerning the filing date of

We begin by examining Appellant's claim that his guilty plea was induced by ineffective assistance of trial counsel. "It is well-established that counsel is presumed effective[.]" *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), *citing Strickland v. Washington*, 466 U.S. 668, 687-691 (1984). To plead and prove a claim of ineffective assistance of counsel, "a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective[ly] reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). "Claims of [trial] counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea." *Commonwealth v. Brown*, 48 A.3d 1275, 1278 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013). "Where the [petitioner] enters his[, or her,] plea on the advice of [trial] counsel, the voluntariness of the plea depends on whether [trial] counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hickman*, 799 A.2d at 141 (citation and original quotation marks omitted). Actual prejudice, in the

_____

his petition, as set forth in his response to the PCRA court's Rule 907 notice, is moot based upon the determination that Appellant's petition was timely filed. Therefore, we do not address Appellant's claim further.

context of a collateral claim alleging that trial counsel's performance led to the entry of an invalid plea, requires proof that the petitioner would not have tendered the guilty plea but for the advice of counsel. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014), *appeal denied*, 95 A.3d 277 (Pa. 2014).

It is well-established that,

[a] valid guilty plea must be knowingly, voluntarily[,] and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the [trial] court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his[, or her,] rights and the consequences of his[, or her,] plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa. Super. 2002)[,] *citing* Pa.R.Crim.P. 590[.] Specifically, the [trial] court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he[, or she,] is pleading guilty; (2) the factual basis for the plea; (3) his[, or her,] right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; [] (6) that the [trial] court is not bound by the terms of the agreement unless the [trial] court accepts the agreement[; and (7) that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally]. *Commonwealth v. [] Watson*, 835 A.2d 786 (Pa. Super. 2003)[; *see also* Pa.R.Crim.P. 590 at *Comment*]. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378, 383-[3]84 (Pa. Super. 2002).

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016).

Here, the record demonstrates the following dialogue between the trial court and Appellant pertaining to his guilty plea colloquy:

- 16 -

[Trial Court:      Appellant,] can you hear me okay?

[Appellant:]      Yes sir.

[Trial Court:]     How are you feeling today?

[Appellant:]      I am okay.

[Trial Court:]     I have your guilty plea statement[.]  I am going to go over a lot of the same material your attorney just did.  My goal is to be convinced that what you are doing is what is called knowing, voluntary[,] and intelligent, okay?

[Appellant:]      Yes.

[Trial Court:]     On your guilty plea statement you say you are 32 years old and you have gone to school for 12 years, is that correct?

[Appellant:]      Yes sir.

[Trial Court:]     Are you suffering from any physical or mental condition which would impact your ability to understand today's proceeding?

[Appellant:]      No sir.

[Trial Court:]     Are you taking any prescription medication or have you ingested any substance that would affect your ability to understand today's proceeding?

[Appellant:]      No sir.

[Trial Court:]     I know that you have been represented for some time by [trial counsel], at least I think since I have gotten this file.

[Trial Counsel:]  The trial level, yes Your Honor.

[Trial Court:]     Have you had enough time prior to coming into court to discuss all your options and what is going on here today?

[Appellant:]      Yes sir.

| | |
|---|---|
| [Trial Court:] | Did [trial counsel] answer any questions you might have about the process, about the consequences of what you are doing? |
| [Appellant:] | Yes sir. |
| [Trial Court:] | Are you satisfied with your attorney's representation in this matter? |
| [Appellant:] | Yes sir. |
| [Trial Court:] | Now you[r] attorney referenced a guilty plea statement in the questions she was asking you, that is what I am holding in my hand. Do you remember that document something called a guilty plea statement? |
| [Appellant:] | Yes sir. |
| [Trial Court:] | And there are 29 numbered paragraphs on six pages, do you remember that? |
| [Appellant:] | Yes sir. |
| [Trial Court:] | Did you have any trouble reading through that and understanding it? |
| [Appellant:] | No sir. |
| [Trial Court:] | And you signed the last page? |
| [Appellant:] | Yes I did sir. |
| [Trial Court:] | And you initialed each of the numbered paragraphs? |
| [Appellant:] | Yes. |
| [Trial Court:] | Do you have any questions for me about the content of the guilty plea statement? |
| [Appellant:] | No sir. |
| [Trial Court:] | Do you understand the rights you are giving up by offering a guilty plea today? |
| [Appellant:] | Yes. |

[Trial Court:]    And you understand it effectively is essentially the same as if you had been tried and found guilty?

[Appellant:]    Yes.

[Trial Court:]    You heard your attorney say that the crime to which you are pleading guilty carries a maximum period of incarceration [that] is a penalty of ten years and carries a potential $25,000[.00] fine as a maximum, do you understand that?

[Appellant:]    Yes.

[Trial Court:]    Do you have any questions about the elements of the crime that the Commonwealth would have to prove beyond a reasonable [doubt]?

[Appellant:]    No sir.

[Trial Court:]    Okay.  Did anyone promise you anything, threaten you, coerce you, force you to offer a guilty plea today?

[Appellant:]    No.

[Trial Court:]    Now I think I heard you say that you are currently on state parole?

[Appellant:]    Yes sir.

[Trial Court:]    And your attorney advised you that as a result of proceeding today if I accept your guilty plea there will be an additional penalty, an additional sanction beyond whatever sentence I impose?

[Appellant:]    Yes sir.

[Trial Court:]    Related to the violation of the terms of your state parole.  Do you understand that?

[Appellant:]    Yes.

[Trial Court:]    And even though that is an unknown at this point at least to me, and probably to you, you want to go forward here today?

[Appellant:]    Yes.

[Trial Court:]      Did you read what is called the affidavit of probable cause that was filed with the criminal complaint?

[Appellant:]        Yes sir.

[Trial Court:]      Are you offering your guilty plea because as it pertains to the charge to which you are pleading guilty, you did the things that are stated in the affidavit of probable cause?

[Appellant:]        Yes sir.

[Trial Court:]      Factual basis?

[Trial Counsel:]    The affidavit of probable cause, Your Honor.

[Trial Counsel:]    We would stipulate to that Your Honor.

[Trial Court:]      Based on the facts presented in the affidavit of probable cause, the facts placed before the [trial c]ourt in these proceeding, together with [Appellant's] answers to the questions asked[,] the [trial c]ourt finds there is sufficient factual basis for [Appellant's] plea and that the plea of [Appellant] is knowing, voluntary[,] and intelligent and is accepted by the [trial c]ourt. The executed information, the guilty plea statement, and statement of post-sentence rights are made part of the record in the case. Counsel is your client waiving any right he might have to a pre-sentence investigation [report] and moving for immediate sentence?

[Trial Counsel:]    Yes Your Honor, we do.

[Trial Court:       Appellant] at this point in the proceeding you have the right to say whatever you would like before I impose sentence. You don't have to say a single word but if you would like to say something now is the opportunity you can talk for as long as you would like. Do you want to say anything?

[Appellant:]        No thank you.

N.T., 5/7/21, at 11-16. In addition to the aforementioned dialogue, Appellant also executed a guilty plea statement. In the guilty plea statement, Appellant attested, *inter alia*, that he was not "pressured[,] forced[,] or threatened in any way by anyone to plead guilty," that he understood the crime to which he was pleading guilty and the possible sentence, that he understood his right to a trial by jury, that he is presumed innocent until proven otherwise, that the trial court is not bound by the terms of the plea agreement, and that he was "fully satisfied with what [his] lawyer has done for [him] in the past and what [his] lawyer is doing for [him] today concerning this case." Guilty Plea Statement, 5/7/21, at 1-6.

Based upon a review of the totality of the circumstances, we concur with, and the record supports, the trial court's determination that Appellant entered a voluntary, knowing, and intelligent guilty plea. ***See Kelley***, 136 A.3d at 1013; ***see also Brown***, 48 A.3d at 1277 (stating, "[a] defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he[, or she,] pled"). Therefore, Appellant's claim that his guilty plea was induced by ineffective assistance of trial counsel is without arguable merit. ***Brown***, 48 A.3d at 1278. Consequently, we discern no error of law or abuse of discretion in the PCRA court's denial of Appellant's petition on this ground.

As part of his guilty plea statement, Appellant attested that, if the trial court denied any pre-trial motions in his underlying case, such as the motion

to suppress, prior to his pleading guilty, then he understood that by pleading guilty he was giving up his right to appeal the denial of those motions to this Court and that he could never again raise any of the issues stated in the motions before any court. Guilty Plea Statement, 5/7/21, at 4. At the oral colloquy, Appellant acknowledged that he reviewed the guilty plea statement, initialed each individual paragraph, and executed the statement in full. N.T., 5/7/21, at 13. Appellant further stated that he understood the rights that he surrendered by pleading guilty. Therefore, in the case *sub judice*, Appellant's claim that the trial court violated his constitutional rights against unlawful searches and seizures when it denied his motion to suppress certain evidence is without merit. Consequently, we discern no error of law or abuse of discretion in the PCRA court's denial of Appellant's petition on this ground.

Finally, Appellant asserts that he is entitled to collateral relief because the judgment of sentence imposed was illegal. As discussed *supra*, as part of both his written guilty plea statement and his oral colloquy, Appellant acknowledged that he understood the maximum period of incarceration for one count of persons not to possess, use, manufacture, control, sell, or transfer firearms was 10 years. **See** Guilty Plea Statement, 5/7/21, at 5; **see also** N.T., 5/7/21, at 14. The trial court sentenced Appellant to 4 to 8 years' incarceration, with credit for time already served. Sentencing Order, 5/7/21. This sentence is below the maximum sentencing range of 10 years' incarceration. Therefore, Appellant's sentence was legal. Consequently, we

discern no error of law or abuse of discretion in the PCRA court's denial of Appellant's petition on this ground.

Based upon our independent review of the complete record, we concur with the PCRA court, and the record supports, that Appellant is not entitled to collateral relief.[18]  Accordingly, we grant counsel's petition to withdraw and affirm the August 8, 2023 order dismissing Appellant's PCRA petition.

Petition to withdraw granted.  Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:   7/17/2024

_____

[18] Upon conclusion of our independent review of the record, we find no other issues that are arguably meritorious and that would require us to remand the case in accord with Rule 1925(c)(4).  **See** Pa.R.A.P. 1925(c)(4).